# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

        Plaintiff,

v.                                                Case No. 09-CV-1165

CAPT. GEMPLER, LT. BRAEMER,
CO II MEDEMA, CO PONTOW,
MICHAEL THURMER, CO II BILLINGTON,
CO II CHRISTIANSON, and JOHN DOES,

        Defendants.

## ORDER

The plaintiff, Jeff Poff, who is incarcerated at Waupun Correctional Institution (WCI), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $14.29.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To

state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal

construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, Poff was incarcerated at WCI at all times relevant. Defendants Gempler and Braemer are supervisors at WCI; defendants Medema, Billington, Pontow, and Christianson are correctional officers; and defendant Thurmer is the Warden. Poff is also suing three John Doe defendants.

On October 23, 2008, Lt. Braemer and Capt. Gempler approached Poff's cell door and informed him that he was going to be taken to the segregation unit. Poff was afraid to place his hands through the trap door, and asked if he could first talk to the officers. While Poff sought assurance that he would not be harmed, Gempler and Braemer ordered Billington, Christianson, and Pontow to enter the cell and forcefully remove him. The officers entered his cell, Poff stuck out his hands to be cuffed, and begged them not to hurt him. The officers began to beat, kick, and stomp Poff in his face, chest, neck, ribs, and head during which time Poff was screaming to the two supervising officers that he was not resisting, and asking them to stop the officers from beating him. Captain Gempler and Lt. Braemer watched and instructed the officers on how to beat Poff. The officers beat Poff for five to seven minutes until he was knocked unconscious, bleeding, and badly swollen.

When Poff woke up he was in the segregation unit strip cell, and officers stated that he should stand up to be stripped and searched. He could not get up and the officers again stomped, beat, and knocked Poff unconscious. When he woke up

-4-

the second time, Poff was in a segregation cell. He felt around the wall for the emergency button asking that they call the Health Services Unit because he needed medical attention. The officer on the other end of the intercom responded and told Poff if he pushed that button again, "they'd come to his cell and kick his ass again." (Compl. at 5 ¶ 15.)

Poff was afraid to seek further medical help and, therefore, lay in his cell bleeding and in pain. The pain was so great that he passed out again. Poff's eyes were closed shut from being swollen, all of his ribs were bruised, his head was busted badly, he had bruising on his head and face, his nose was bleeding, his chest, back, and neck were bleeding, and both wrists were busted as a result of being dragged to segregation by the handcuffs while unconscious. The officers in the segregation unit refused to call the Health Services Unit to get medical help, and Poff lay in the bleeding condition for a very long period of time.

Poff claims that defendants Medema, Billington, Christianson, and Pontow used excessive force against him, that defendants Gempler, Braemer, and Thurmer conspired to use excessive force against him, that defendants Gempler, Braemer, and Thurmer failed to protect him, and that defendants Thurmer, Gempler, Braemer, and three John Doe officers denied him his constitutional right to medical treatment. For relief, Poff seeks compensatory and punitive damages.

The court finds that Poff may proceed on his excessive force and conspiracy to engage in excessive force claims. *See Wilkins v. Gaddy*, __ U.S. __, 130 S. Ct.

1175 (2010); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). However, Poff may not proceed against Warden Thurmer because he is not alleged to have been personally involved in the incident and there is no supervisory liability under § 1983. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1948 (2009). Poff may also proceed on his failure to protect claim against Gempler and Braemer but, for the reasons stated above, not against Warden Thurmer. Additionally, Poff may proceed against Gempler, Braemer, and three John Doe defendants – again, not Warden Thurmer – on his medical care claims. Poff may proceed against the defendants in their individual capacities. He seeks only monetary damages and, therefore, he may not proceed against any defendant in their official capacity, which would be akin to bringing suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71 (1989).

Finally, Poff will need to identify the John Doe defendants. He may ask the defendants for this information.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Michael Thurmer is **DISMISSED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28

U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $335.71 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this ____ day of March, 2010.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge