# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 09-CV-1165

CAPTAIN GEMPLER, LT. BRAEMER,
C.O. II MEDEMA, C.O. PONTOW, C.O. II BILLINGTON,
C.O. II CHRISTIANSON, and JOHN DOES,

        Defendants.

## ORDER

The plaintiff, Jeff Poff, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on Eighth Amendment excessive force, conspiracy to engage in excessive force, failure to protect, and deliberate indifference to a serious medical need claims. The plaintiff has filed a motion to compel discovery, which will be addressed herein.

By his motion, the plaintiff seeks more complete responses to certain requests from his first, second, and third sets of discovery requests, as follows.

    FIRST SET - INTERROGATORY NUMBER 4: What type of force did you observe others apply to the plaintiff in his cell?

    RESPONSE NUMBER 4: Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is vague and ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning in order to respond.

In their response to the plaintiff's motion to compel, the defendants assert that they stand by their objection to this interrogatory. According to the defendants, they provided all incident reports related to the October 23, 2008, cell extraction and this interrogatory requesting what type of force defendants observed others applying to the plaintiff during the cell extraction remains vague, ambiguous and requires speculation.

> FIRST SET - DOCUMENT REQUEST NUMBER 1: A copy of all video and documentary reports generated due to the cell extraction and placement of the plaintiff in HSC on October 23, 2008.
>
> RESPONSE NUMBER 1: Counsel for the defendants OBJECTS to this document request on the grounds that it is vague and ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning of "documentary reports" in order to respond. Without waiving said OBJECTION, the defendants respond as follows:
>
> A copy of the video of the cell extraction will be made available for the plaintiff's review. Plaintiff may place a request with Linda Alsum-O'Donovan, Program Support Supervisor, at the WCI to make arrangements for him to review the video.[1]

The defendants assert that they stand by their objection and that they are willing to make arrangements to send a copy of the DVD of the cell extraction to the plaintiff's expert of choice. According to the defendants, they notified the plaintiff that his expert witness would need to provide a signed statement certifying him/her as such, and that such a statement would need to include information related to credentials, curriculum vitae, number of times testified as an expert witness on excessive use of

---

[1] The remainder of the defendants' response to document request number 1, which consists of a lengthy list of incident reports available to the plaintiff, is not included.

force, and a confidentiality agreement not to release the DVD. The defendants contend that the plaintiff's concern that sending the DVD directly to an expert witness would disclose the expert witness's identity and compromise any work product is misplaced because a party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." See Fed. R. Civ. P. 26(a)(2)(A). The defendants further contend that allowing the plaintiff to send the DVD to whomever he chooses without a signed confidentiality agreement risks that the footage would be disseminated online and to the general public and that such dissemination would be highly prejudicial to the defendants because it would seriously compromise the security of Waupun Correctional Institution. The DVD shows preparation and what happens outside of the cell prior to an actual cell entry, and the more the inmate knows about the cell entry process, the more the inmate can take measures to prepare to defend against staff entering the cell.

> FIRST SET - DOCUMENT REQUEST NUMBER 2: A copy of all disciplinary actions taken or contemplated, including but not limited to, inmate complaints, reprimands, suspensions, investigations, and performances reviews, whether for promotional purposes or otherwise for all defendants.
>
> RESPONSE NUMBER 2: Counsel for the defendants OBJECTS to this document request on the grounds that it is vague and ambiguous and therefore requires speculation on the part of the defendants as to plaintiff's meaning in order to respond.

The defendants stand by their objection and assert that the request for copies of all disciplinary actions remains vague and ambiguous.

> FIRST SET - DOCUMENT REQUEST NUMBER 3: A copy of the DOC policies and training materials relating to cell extractions.
>
> RESPONSE NUMBER 3: Counsel for the defendants OBJECTS to this document request on the grounds that these documents are confidential for security reasons and releasing the DOC policies and training materials relating to cell extractions would breach the security of the Waupun Correctional Institution because it would allow inmates access to the training that the DOC uses in emergency situations.

The defendants stand by their objection. They contend that documents outlining training procedures, such as the Principles of Subject Control, are confidential for security reasons and releasing them would breach the security of the Waupun Correctional Institution.

> FIRST SET - DOCUMENT REQUEST NUMBER 4: The number of cell extractions that were performed in the calendar year of 2008.
>
> RESPONSE NUMBER 4: Counsel for the defendants OBJECTS to this document request on the grounds that it is not in the form of a document request pursuant to Fed. R. Civ. P. 34. Counsel for the defendants further OBJECTS to this request on the grounds that the plaintiff's first set of interrogatories exceed twenty-five in number, including all discrete subparts, contrary to FRCP 33. Counsel OBJECTS to this interrogatory on the grounds that the plaintiff's first set of interrogatories exceed twenty-five in number, including subparts, contrary to Eastern District Civil Local Rule 33.1. Counsel for the defendant further OBJECTS to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case.

In their response brief, the defendants assert that they are waiting on this information to be provided by personnel at Waupun Correctional Institution and that it is estimated that 50 cell extractions were performed.

> FIRST SET - DOCUMENT REQUEST NUMBER 11: A copy of all inmate complaints relating to cell extractions for the calendar years 2007, 2008, and 2009.
>
> RESPONSE NUMBER 11: Counsel for the defendants OBJECTS to this request for all documents reflecting the number of offender complaints regarding cell extractions on the grounds that it is overly broad and vague. To the extent that this request seeks inmate institution files or information from inmate institution files, those documents are, or contain information that is, of a confidential nature. Counsel for the defendants further OBJECTS to producing inmate complaints filed by inmates other than plaintiff on the grounds that inmate complaints filed within the inmate complaint review system (ICRS) are confidential pursuant to Wis. Admin. Code § DOC 310. The ICRS program has the capability to "search" the data that has been entered by the ICE using specified criteria such as institution, complaint code, time frame, words, names, etc., but this search capability is necessarily limited by the data that staff has entered into the system. Thus, in order to find all inmate complaints regarding a specific issue, staff would be required to read through each complaint to determine its relevancy. The plaintiff is requesting 3 years of complaints, not limited to WCI, but the entire system. It is unrealistic to expect state-funded institutions with limited resources to devote the manpower needed to meet such requests. Additionally, DOC is unable to provide a list of the complaint numbers and summaries without jeopardizing the confidentiality mandated by administrative code. The plaintiff may be able to determine the identity of another by what is written in the summary. DOC needs to protect the confidentiality of the inmates who file complaints to encourage inmates to use the complaint system with confidence. Counsel for the defendants further OBJECTS to this document request on the grounds that they cannot legally access inmates' confidential health services records without appropriate authorization. Counsel for the defendants further OBJECTS to this document request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case.

The defendants stand by their objections, even though the plaintiff subsequently limited his request to the year 2008. According to the defendants, this request is not reasonable because providing the plaintiff with inmate complaints claiming excessive force during a cell extraction at WCI for the year 2008 jeopardizes the confidentiality mandated by Wis. Admin. Code ch. DOC 310. They also contend that it is unrealistic to expect state-funded institutions with limited resources to devote the manpower necessary to comb through the complaints to find those related to a specific issue and then redact confidential information.

> SECOND SET - DOCUMENT REQUEST NUMBER 1: All documents and information relating to the incapacitating agents used on the plaintiff, including, but not limited to, all training materials and information and warnings provided by the manufacturer.
>
> RESPONSE NUMBER 1: Counsel for the defendants OBJECTS to this document request on the grounds that these documents are confidential for security reasons and releasing the DOC policies and training materials relating to chemical agents would breach the security of the Waupun Correctional Institution because inmates would gain insight on the contents, application, and effects of the agents and have the ability to devise a plan to defeat the effects of the chemical agents.

The defendants assert that they stand by their objection and that documents pertaining to the training and use of 5.5% Oleoresin Capsicum ("pepper spray") are confidential for security reasons and releasing DOC policies and training materials would breach the security of WCI.

> THIRD SET - DOCUMENT REQUEST NUMBERS 1-7: A copy of the ICRS records for Offender Complaints WCI-2004-12595, WCI-2004-30940, GBCI-2005-5446, WCI-2007-425, WCI-2008-13724, WCI-2008-14850, and WCI-2008-19803.

> RESPONSE NUMBERS 1-7: Pursuant to the Wis. Admin. Code § DOC 310.12(3) and 310.14(3), the plaintiff is provided with a copy of the Offender Complaint and all decisions on all Offender Complaints submitted by the plaintiff. <u>See</u> attached copy of the Inmate Complaint History Report. The Inmate Complaint History Report is a compilation of Offender Complaints that the plaintiff has filed. By reviewing the Inmate Complaint History Report, the plaintiff can choose which Offender Complaints he would like to obtain. The plaintiff may place a request with Ms. Kroll, Program Assistant Confidential in the Complaints Department to inspect and request that copies of any Offender Complaints related to this request be photocopied at his own expense from the complaint system computer program.

The defendants object to the plaintiff's request for copies of all documents to be provided free of charge and assert that the court should not order the cost of litigation be waived. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (a civil litigant has no constitutional right to a subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund). The defendants further state that they have already provided copies of documents in responding to the plaintiff's request for production of documents when his requests were not objectionable.

> The scope of discovery is as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

The defendants' responses to the plaintiff's discovery requests, set forth above, are thorough. Moreover, the court finds that the defendants' substantive objections are reasonable. The defendants set forth valid security concerns for not providing certain information. *See Peate v. McCann*, 294 F.3d 879, 885 (7th Cir. 2002). Also, the defendants' refusal to answer interrogatories that exceeded the 25-interrogatory limit is reasonable, especially in light of the court's prior denial of his request to exceed the limit based on his failure to provide reasons in support thereof.

However, the plaintiff's motion to compel discovery renews his request to exceed the 25-interrogatory limit and this time the request is supported by sufficient justification, namely, that this case has multiple claims and seven defendants. The court also takes into consideration the plaintiff's *pro se* status. For these reasons, the defendants should respond to those interrogatories from the plaintiff's first, second, and third discovery requests to which they previously objected on grounds that they exceeded 25 in number. The defendants should provide these responses to the plaintiff on or before **May 20, 2011**. The plaintiff's response to the defendants' motion for summary judgment is due by **June 20, 2011**.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #54) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, on or before **May 20, 2011**, the defendants respond to interrogatories from the plaintiff's first, second, and third discovery requests to which they previously objected on grounds that they exceeded 25 in number.

**IT IS FURTHER ORDERED** that the plaintiff's response to the defendants' motion for summary judgment is due on or before **June 20, 2011**.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge