# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

        Plaintiff,

v.                                                            Case No. 09-CV-1165

CAPTAIN GEMPLER, LT. BRAEMER,
C.O. II MEDEMA, C.O. PONTOW,
C.O. II BILLINGTON, C.O. II CHRISTIANSON,
and JOHN DOES,

        Defendants.

## ORDER

On April 22, 2011, the court granted the plaintiff's request to exceed the 25-interrogatory limit, *see* Fed. R. Civ. P. 33(a)(1) and Civil L.R. 33 (E.D. Wis.), and directed the defendants to respond to those interrogatories to which they previously objected on grounds that they exceeded 25 in number.[1] Before the court is the plaintiff's second motion to compel discovery in which he contends that the defendants' May 20, 2011 responses to his discovery requests are inadequate. He objects to some of the defendants' responses because they refer to affidavits and other documents filed in support of the defendants' motion for summary judgment instead of answering the interrogatories directly. The plaintiff also contends that several of the defendants' responses contain baseless objections.

---

[1] The April 22, 2011, Order also denied the plaintiff's first motion to compel discovery, finding that the defendants' responses to his discovery requests were thorough and that their objections were reasonable.

The scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). A party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). However, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civ. L.R. 37 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written certification that, "after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain

it without court action, the parties are unable to reach an accord." Civil L.R. 37 (E.D. Wis.); *see also* Fed. R. Civ. P. 37(a)(1).

As an initial matter, the plaintiff's second motion to compel does not contain a good faith certification as required by Fed. R. Civ. P. 37 and Civ. L.R. 37. The plaintiff contends that such consultation would have been futile. However, the consultation rule is mandatory and the plaintiff's failure to abide by it precludes a finding in his favor on his motion to compel. In addition, the plaintiff did not sign his motion. *See* Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* In this case, instead of providing the plaintiff an opportunity to comply with the applicable rules and refile his motion to compel, the better course at this stage of the proceedings is to address the merits of the motion and impose a final deadline in which the plaintiff must respond to the defendants' November 3, 2010, motion for summary judgment. Consideration of the plaintiff's second motion to compel discovery on the merits reveals that, even if he had complied with the applicable rules by consulting with the defendants and signing his motion, the motion would be denied.

The plaintiff contends that the following responses to his first, second and third requests for interrogatories were inadequate because they referred to other documents:

> (1) First Set of Interrogatories: Gempler Interrogatory Number 5, Braemer Interrogatory Numbers 1, 5, and 7;
>
> (2) Second Set of Interrogatories: Gempler Interrogatory Numbers 1, 2, 7, and 8, Braemer Interrogatory Numbers 1, 4, 5, and 6, Medema Interrogatory Numbers 1 and 4, Pontow Interrogatory Numbers 1 and 4, Billington Interrogatory Numbers 1 and 4, and Christianson Interrogatory Numbers 1 and 4; and
>
> (3) Third Set of Interrogatories: Braemer Interrogatory Numbers 7, 8, and 9, Gempler Interrogatory Numbers 2 and 7, Medema Interrogatory Numbers 1, 3, and 4, and Billington Interrogatory Number 1.

(*See* Pl.'s Second Mot. to Compel, Exs. A, B, and C.) With regard to the plaintiff's assertion that some of their responses refer the plaintiff to other documents, the defendants state:

> All of the documents referred to in response to Poff's discovery requests were provided to him when the summary judgment motion was filed on November 3, 2010. The references to the various summary judgment materials are not merely a documenting of business records. They refer to affidavits, incident reports and other exhibits which document a full accounting of the events underlying this lawsuit. For example, the incident reports included document each defendants' involvement and observations of the cell extraction shortly after it occurred. Making reference to such materials does not make it impossible for the plaintiff to determine the completeness of the answer. Where additional information was available outside of the affidavits and exhibits already provided, it was provided. In addition, references to affidavits and exhibits include specific paragraph numbers or page numbers which are responsive to the interrogatory. This approach preserves time and resources. Rather than repeat the information that is responsive and already available to the plaintiff, defendants make clear reference to it. Specific reference to the responsive information is outlined for the plaintiff.

(Defs.' Resp. to Pl.'s 2d Mot. to Compel at 2.)

The Federal Rules of Civil Procedure provide that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The defendants are advised that future discovery responses should abide by the technical requirements of the Rule 33(b)(3). (The defendants were not referring the plaintiff to business records, as contemplated in Rule 33(d).) However, in this case, the court finds that the defendants' responses, which do not refer generally to affidavits but rather refer the plaintiff to specific paragraphs of specified affidavits, and which are responsive to the interrogatories, are adequate. *See DL v. District of Columbia*, 251 F.R.D. 38, 48 (D. D.C. 2008).

The plaintiff also contends that several of the defendants' responses to his interrogatories contain baseless objections, as follows.

**FIRST SET OF INTERROGATORIES**:

GEMPLER INTERROGATORY NUMBER 2:
What knowledge did you have about the plaintiff's mental health history prior to ordering the extraction?

SUPPLEMENTAL RESPONSE NUMBER 2:
Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is vague and ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning of "mental health history" in order to respond. Without waiving said OBJECTION, the defendants respond as follows:

Defendant Gempler did not "order" the cell extraction.

BRAEMER INTERROGATORY NUMBER 2:
What knowledge did you have about the plaintiff's mental health history prior to ordering the extraction?

> SUPPLEMENTAL RESPONSE NUMBER 2:
> Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is vague and ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning of "mental health history" in order to respond. Without waiving said OBJECTION, the defendants respond as follows:
>
> Defendant Braemer did not "order" the cell extraction.

(Pl.'s Second Mot. to Compel, Ex. A.)

**SECOND SET OF INTERROGATORIES:**

> GEMPLER INTERROGATORY NUMBER 7:
> Please describe the incapacitating agents that were dispensed into the plaintiff's cell on 10.23.2008.
>
> > SUPPLEMENTAL RESPONSE NUMBER 7:
> > Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is vague and ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning in order to respond. Without waiving said OBJECTION, the defendants respond as follows:
> >
> > See Affidavit of Debra Gempler dated 10/26/2010 ¶¶ 6 and 9-12 filed in support of Notice of Motion and Motion for Summary Judgment and Defendants' Brief in Support of Summary Judgment filed on November 3, 2010.
>
> BRAEMER INTERROGATORY NUMBER 5:
> What type of incapacitating agents were used? Please include brand name of agent and dispensing device.
>
> > SUPPLEMENTAL RESPONSE NUMBER 5:
> > Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is vague and ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning in

order to respond. Without waiving said OBJECTION, the defendants respond as follows:

See Affidavit of Daniel Braemer dated 11/03/2010 ¶¶ 8 and 12-14 filed in support of Notice of Motion and Motion for Summary Judgment and Defendants' Brief in Support of Summary Judgment filed on November 3, 2010.

(Pl.'s Second Mot. to Compel, Ex. B.)

**THIRD SET OF INTERROGATORIES**:

GEMPLER INTERROGATORY NUMBER 6:
What were your job responsibilities while you were employed at the Mendota Mental Health facility?

SUPPLEMENTAL RESPONSE NUMBER 6:
Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case.

MEDEMA INTERROGATORY NUMBER 2:
Please describe the circumstances surrounding your 3.12.10 departure from state service.

SUPPLEMENTAL RESPONSE NUMBER 2:
Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case.

MEDEMA INTERROGATORY NUMBER 6:
Please describe what you saw Defendant Christianson do during the 10.23.08 cell entry.

SUPPLEMENTAL RESPONSE NUMBER 6:
During the actual cell entry Defendant Medema's attention was on what he was doing not on what others were doing. Defendant Medema cannot provide details of what others were doing. See the documents exhibit 1006 filed in support of Notice of Motion and Motion for Summary Judgment and Defendants' Brief in Support of Summary Judgment filed on November 3, 2010.

MEDEMA INTERROGATORY NUMBER 7:
Please describe what you saw Defendant Billington do during the 10.23.08 cell entry.

> SUPPLEMENTAL RESPONSE NUMBER 7:
> During the actual cell entry Defendant Medema's attention was on what he was doing not on what others were doing. Defendant Medema cannot provide details of what others were doing. See the documents exhibit 1006 filed in support of Notice of Motion and Motion for Summary Judgment and Defendants' Brief in Support of Summary Judgment filed on November 3, 2010.

BILLINGTON INTERROGATORY NUMBER 8:
How many cell entry teams have you been assigned to since the 10.23.08 cell entry?

> SUPPLEMENTAL RESPONSE NUMBER 8:
> Counsel for the defendants OBJECTS to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case. Without waiving said OBJECTION, the defendants respond as follows:
>
> We do not keep track of how many cell entry teams each staff member is on. More that teams are often assembled but it is more rare that entry has to be made [sic].

(Pl.'s Second Mot. to Compel, Ex. C.)

The defendants' responses to the plaintiff's interrogatories are thorough. In addition, the court finds that the defendants' objections are reasonable.

Finally, as indicated, the defendants filed a motion for summary judgment on November 3, 2010. The plaintiff must file his response to the defendants' summary judgment motion by **September 9, 2011**. Accordingly,

**IT IS ORDERED** that the plaintiff's second motion to compel discovery (Docket #60) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's response to the defendants' motion for summary judgment is due by **September 9, 2011**. No further extensions of time will be granted.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge